**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re: | Case No. 1:19-bk-05072 |
| LAURIE ROSE CRANE | Chapter 13 |
| | Honorable Donald R. Cassling |
| Debtor(s) | |

**NOTICE OF MOTION**

To:   Cavalry SPV I, LLC                              Law Office of Keith S. Shindler, Ltd.
        500 Summit Lake Drive, Suite 400       1990 East Algonguin Road, Suite 180
        Valhalla, New York 10595                     Schaumburg, Illinois 60173

PLEASE TAKE NOTICE that on April 30, 2019 at 9:30 a.m., the undersigned will appear before the Honorable Donald R. Cassling at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 619, Chicago, Illinois and will then and there present **DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY,** at which time you may appear, if you so choose.

**A party who objects to this motion and wants it to be called must file a Notice of Objection no later than two (2) business days before the presentment date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion without a hearing before the date of presentment.**

*/s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

      I, Joseph S. Davidson, an attorney, hereby certify that on April 9, 2020, **DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY** was filed with the Clerk of the Court of the United States Bankruptcy Court for the Northern District of Illinois by using the CM/ECF system. I have mailed this document by United States Postal Service First Class Mail, postage prepaid to:

**Cavalry SPV I, LLC**
**500 Summit Lake Drive, Suite 400**
**Valhalla, New York 10595**

**Law Office of Keith S. Shindler, Ltd.**
**1990 East Algonguin Road, Suite 180**
**Schaumburg, Illinois 60173**

                                                    */s/ Joseph S. Davidson*

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 1:19-bk-05072 |
| LAURIE ROSE CRANE | Chapter 13 |
| | Honorable Donald R. Cassling |
| Debtor(s) | |

### DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY

LAURIE ROSE CRANE ("Debtor"), through counsel, SULAIMAN LAW GROUP, LTD., pursuant to 11 U.S.C. § 362(k), moves for the imposition of sanctions against CAVALRY SPV I, LLC ("Cavalry") and LAW OFFICE OF KEITH S. SHINDLER, LTD. D/B/A SHINDLER & JOYCE ("Shindler & Joyce") (collectively, the "Respondents") for the willful violation of the automatic stay. In support thereof, Debtor states as follows:

### JURISDICTION

1. Under 28 U.S.C. § 1334(a), the federal district courts have "original and exclusive jurisdiction" of all cases under title 11 of the United States Code (the "Bankruptcy Code"), 28 U.S.C. § 1334(a), but the district courts may refer these cases to the bankruptcy judges for their districts, 28 U.S.C. § 157(a).

2. The District Court for the Northern District of Illinois has made such a reference of all of its bankruptcy cases. N.D. Ill. Internal Operating Procedure 15(a).

3. A bankruptcy judge to whom a case has been referred may enter final judgment on any "core proceedings" arising under the Bankruptcy Code. 28 U.S.C. § 157(b)(1).

4. The automatic stay in bankruptcy cases arises under § 362(a) of the Code, and its enforcement arises under §§ 105(a) and 362(k).

5. The debtor's motion for enforcement of the automatic stay therefore gives rise to a core proceeding, which the bankruptcy court may finally adjudicate. *See In re Death Row Records, Inc.*, 2012 Bankr. LEXIS 1227, 2012 WL 952292, at *11 (B.A.P. 9th Cir. 2012) ("A determination of whether there has been a stay violation is … a core proceeding.").

## BACKGROUND

6. On June 5, 2015, Cavalry obtained judgment in amount of $8,024.22 against Debtor in state court proceedings in Cook County, Illinois.

7. On February 27, 2019, Debtor initiated a bankruptcy case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. *See* Doc. #1.

8. The schedules filed by Debtor listed Cavalry as well as Cavalry in care of Shindler & Joyce on Schedules E/F: Creditors Who Have Unsecured Claims. Doc. #1 at 22.

9. Cavalry received notice by electronic transmission on or around March 1, 2019. Doc. #12 at 3.

10. On March 1, 2019, Cavalry filed a proof of claim (Claim 1-1) on another account. *See* Claim 1-1.

11. Shindler & Joyce received notice by first class mail on or around March 2, 2019. Doc. #13 at 3.

12. On March 13, 2019, Shindler & Joyce, on behalf of Cavalry, recorded a memorandum of judgment with the Cook County Recorder of Deeds thereby imposing a judgment lien against Debtor's residence located at 5858 North Sheridan Road, Apartment 908, Chicago, Illinois 60660-4919.

13. The Memorandum of Judgment stated that the judgment was rendered on June 5, 2015.

14. Neither Cavalry nor Shindler & Joyce sought relief from the automatic stay in order to record Cavalry's memorandum of judgment against Debtor's property.

15. The automatic stay is *one of the fundamental debtor protections provided by the bankruptcy laws*.  It gives the debtor a breathing spell from her creditors.  It stops all collection efforts, all harassment, and all foreclosure actions.  It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the pressures that drove him into bankruptcy.

16. Respondents' unlawful conduct deprived Debtor of one of her fundamental rights and led Debtor to believe her bankruptcy was for naught.

17. Respondents' unlawful conduct caused anxiety, cloud on title, confusion, as well as mental anguish.

**ARGUMENT**

18. Section 362 of the Bankruptcy Code governs the automatic stay.

19. Section 362(a) states that "a petition filed under section 301 … of this title … operates as a stay, applicable to all entities…."  11 U.S.C. § 362(a).

20. Under § 362(a)(4), a creditor is prohibited from taking "any act to create, perfect, or enforce any lien against property of the estate[.]"  11 U.S.C. § 362(a)(4).

21. Respondents' recording of memorandum of judgment was an act to create a lien on property owned by Debtor in Cook County, Illinois.  735 ILCS 5/12-101.

22. The document served no other function.

23. A memorandum of judgment is a collection tool under Illinois law.

24. The filing of a memorandum of judgment evidences the existence of a final money judgment upon which execution may issue and creates a lien on all real property titled in the name of the judgment debtor in the county of recording. 735 ILCS § 5/12-101; *Dunn v. Thompson*, 174 Ill.App.3d 944, 947, 529 N.E.2d 297, 299, 124 Ill. Dec. 477, 479 (1988).

25. Any property owned by Debtor in Cook County would have been property of the estate. 11 U.S.C. §§ 541(a)(1), 1306.

26. Thus, Respondents committed an act to create a lien on property of the estate in violation of the automatic stay.

27. "A willful violation does not require specific intent to violate the stay; it is sufficient that the creditor takes questionable action despite the awareness of a pending bankruptcy proceeding." *In re Radcliffe*, 563 F.3d 627, 631 (7th Cir. 2009) (citing *Price v. United States* (*In re Price*), 42 F.3d 1068 (7th Cir. 1994)); *see also In re Swindle*, 584 B.R. 259, 264 (Bankr. N.D. Ill. 2018) (Cox, J).

28. Respondents undeniably acted intentionally with knowledge of Debtor's bankruptcy case.

29. Section 362(k)(1) of the Bankruptcy Code provides in relevant part as follows: "[A]n individual injured by any willful violation of a stay provided by [Section 362(a)] … shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. 11 U.S.C. § 362(k).

30. The general rule is that acts taken in violation of the automatic stay are deemed void ab initio. *In re Enyedi*, 371 B.R. 327, 334 (Bankr. N.D. Ill. 2007) (collecting cases).

WHEREFORE, Debtor requests the following relief:

1. find that Cavalry and Shindler & Joyce willfully violated the automatic stay when they recorded Cavalry's memorandum of judgment;

2. declare Cavalry's judgment lien *void ab initio;*

3. award actual damages, including costs and attorneys' fees, and punitive damages; and

4. award of such other relief as this Court deems just and proper

Dated: April 9, 2020                                        Respectfully submitted,

**LAURIE ROSE CRANE**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com